**Opinion filed July 19, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00246-CR

_____

## JESSE HAROLD CRISWELL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 14463**

## MEMORANDUM OPINION

Jesse Harold Criswell appeals his conviction by a jury of felony boating while intoxicated. The trial court set his punishment at eight years confinement in the Texas Department of Criminal Justice, Institutional Division; assessed a fine of $3,000; and placed Criswell on community supervision for eight years. In a sole issue on appeal, Criswell contends that the trial court erred by not granting him a jury instruction, based on Article 38.23 of the Texas Code of Criminal Procedure, to the effect that, if the jury has a reasonable doubt that evidence of Criswell's intoxication was lawfully obtained, it may not consider that evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). We affirm.

There are three requirements that a defendant must meet before being entitled to the submission of a jury instruction under Article 38.23(a) of the Texas Code of Criminal Procedure:

    (1) The evidence heard by the jury must raise an issue of fact;

    (2) The evidence on that fact must be affirmatively contested; and

    (3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007).

Steven Cantu testified that he is a game warden for the State of Texas. He indicated that he is authorized by Texas law to detain individuals operating a vessel and make a safety inspection, checking for a wearable life jacket on board, a Type IV flotation or ring boom, a fire extinguisher, a certificate of number card showing the owner of the boat, and a whistle or a horn. He stated that, on August 14, 2010, after eating supper with other officers at a restaurant on Possum Kingdom Lake, they called Criswell over as he was coming in from the east side on the no-wake zone. He related that they helped Criswell as he started toward the dock and that that was when he and others started conducting the water safety check. Officer Cantu identified Criswell as the person who was operating the boat. He stated that Criswell was on the boat when he conducted the water safety check.

Officer Cantu related that, when he asked Criswell if he had been drinking, Criswell responded that he had had about five beers and a shot of what was called a "red-headed slut." Officer Cantu testified that he observed some open containers in the boat and some empty ones that were on the bow of the boat that fell onto the floor. He indicated that, when Criswell stated that he had been drinking, he asked Criswell to step out of the boat and then started a series of what are called float tests. He stated that float tests are to build clues to show if there are any signs of intoxication. He also indicated that a breath test was administered to Criswell. The breath test showed an alcohol concentration of 0.136.

Cliff Swofford testified that he also is a game warden. He indicated that, when Criswell was stopped, he was operating the boat. He insisted that Criswell was approaching the dock while he and Officer Cantu were standing on the dock. He related that there is no requirement that he be in a boat or have a blue light on a boat activated in order to stop another boat. He said the only requirement is that someone be observed operating a vessel. He stated that he observed

2

Criswell operating the vessel. Officer Swofford also testified that, while conducting a safety inspection, officers have a duty to investigate any other criminal activity that is discovered. He stated that, typically, water safety inspections are not conducted on boats that are docked.

Missael Orono testified that, on the occasion in question, he was riding in the boat with Criswell and Criswell's son. He testified that Criswell was off the boat and tying up at the dock when officers approached him. He indicated that he did not see any officer waving at Criswell. Orono acknowledged that Criswell was the one driving the boat as it approached the dock. Orono acknowledged that he did not know whether the officers saw the boat as it came motoring into the dock.

Criswell testified that, as he was approaching the dock, there were no law enforcement officers waving him over. He indicated that he voluntarily docked the boat himself. He insisted that, as the officers approached him, he was standing next to the fuel pump. He indicated that he was approached by Officer Cantu, who started asking him if he had been drinking. He insisted that Officer Cantu never told him he was going to conduct a water safety check and never conducted one in his presence. He acknowledged that he could not testify under oath that the officers did not see him. He acknowledged operating the boat.

Criswell presented a motion to suppress the results of a breath/blood test on the basis that there was no probable cause or reasonable suspicion to investigate him and on the basis that the procedures required under Sections 31.121 and 31.124 of the Texas Parks and Wildlife Code were not followed. TEX. PARKS & WILD. CODE ANN. § 31.121 (West Supp. 2011), § 31.124 (West 2002). He did not specify any particular provision that was not followed, nor did he specify why there was no probable cause. The trial court, in overruling the motion, found as a matter of law that the Texas Parks and Wildlife Code, which allows a water safety enforcement officer to stop and board a boat, does not require that the stopping and boarding of the vessel be on the water.

The disputed evidence to which we are referred by Criswell is a fact issue as to whether the game warden approaching Criswell waved him over to the boat and conducted a water safety inspection or whether the game warden approached Criswell while his boat was docked. While this issue was affirmatively contested, Criswell has not shown that the dispute is relevant to the lawfulness of the challenged conduct in obtaining the evidence. That being the case, the trial court did not err in denying an Article 38.23 instruction to the jury. In his brief, Criswell

concludes that the disputed evidence raises a factual issue bearing on the question of probable cause, but he makes no argument and presents no authority as to what bearing the factual issue has on the issue of probable cause. Nor does Criswell present any argument or authority that the dispute would have any bearing on the issue as to whether the officers properly followed procedures under Sections 31.124 or 31.121 of the Texas Parks and Wildlife Code. We overrule Criswell's sole issue on appeal.

The judgment of the trial court is affirmed.

PER CURIAM

July 19, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.